UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA ROJAS,

        Plaintiff,

Case No. 1:07-cv-1035

Hon. Robert J. Jonker

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.
                                /

## REPORT AND RECOMMENDATION

This matter is now before the court on plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA) (docket no. 15). For the reasons stated below, the undersigned recommends that plaintiff's motion be denied.

**I.    Background**

I previously recommended that plaintiff's case be reversed and remanded to the Social Security Agency pursuant to sentence four of 42 U.S.C. § 405(g) for two reasons. First, the ALJ failed to articulate good reasons for not giving weight to the opinions of plaintiff's treating physician, Dr. Sasse, with respect to plaintiff's residual functional capacity. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004) (an ALJ must articulate good reasons for not crediting the opinion of a treating source). Second, while the ALJ recognized that plaintiff was morbidly obese, he did not provide a meaningful discussion of the effect of plaintiff's obesity as suggested by SSR 02-01p. Nevertheless, the court found that the ALJ's credibility determination was supported by substantial evidence (e.g., plaintiff's treatment history did not support her claim of disabling pain and her daily activities were inconsistent with her alleged total

inability to work). On February 24, 2009 the court adopted the recommendation and remanded this matter to the Social Security Agency pursuant to sentence four of 42 U.S.C. § 405(g).

## II. Plaintiff's claim for fees under the Equal Access to Justice Act

### A. Legal standard

The Equal Access to Justice Act ("EAJA") provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

Eligibility for an EAJA fee award in a civil action requires:

> (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment n the action and be supported by an itemized statement.

*Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).

Defendant objects to plaintiff's fee application on the ground that the government's position was substantially justified. I agree. "[U]nder the EAJA it is the government's burden to prove that its position was substantially justified." *United States v. True*, 250 F.3d 410, 419 n. 7 (6th Cir. 2001). "The government's 'position' comprehends both the United States' underlying action and its litigation position." *Delta Engineering v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). The Sixth Circuit has explained the government's burden as follows:

> The government's position under section 2412(d)(1)(A) [the EAJA] is substantially justified if it is justified in substance or in the main -- that is, justified to a degree that

2

> could satisfy a reasonable person . . . [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (citations and quotations omitted).

### B. Discussion

The decision to award fees under the EAJA is independent from the court's review of the merits of the case, requiring "the court to examine through an EAJA prism both the Government's litigation position and the conduct that led to litigation." *Federal Election Commission v. Rose*, 806 F.2d 1081, 1090 (D.D.C.1986). Although plaintiff was a prevailing Social Security claimant, EAJA fees are not available to her unless the Commissioner's position lacked "a reasonable basis in law and fact." *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir.2006). In the context of a Social Security Appeal, the fact that the court finds a decision of the Commissioner is not supported by substantial evidence "is not equivalent to a finding that the position of the United States was not substantially justified" under the EAJA. *Couch v. Secretary of Health and Human Services*, 749 F.2d 359, 360 (6th Cir.1984). Thus, the government's position can be found to be substantially justified even though the case was remanded for further proceedings. *See*, *e.g.*, *Gray v. Commissioner of Social Security*, No. 00-6616, 2001 WL 1450821 at *1 (6th Cir. Nov. 6, 2001) (remanded due to error of law); *Cunningham v. Halter*, No. 00-4034, 2001 WL 1450778 (6th Cir. Oct. 30, 2001) (government's position substantially justified when, although the matter was remanded for further development regarding three specific issues, the government had successfully defended several claims).

The ALJ's failure to meet the articulation requirements in a decision "in no way necessitates a finding [that the Commissioner's] position was not substantially justified." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992). "[A]lthough there may be flaws in an ALJ's decision, which require a reversal of the denial of benefits and a remand for further consideration, this does not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not 'substantially justified.'" *Anderson v. Commissioner of Social Security*, No. 98-6284, 1999 WL 1045072 at * 5 (6th Cir. Nov. 12, 1999). "The issue, when considering the award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Id.* at *4. *See, e.g., Olive v. Commissioner of Social Security*, 534 F. Supp. 2d 756, 760-61 (N.D. Ohio 2008) ("[a]lthough there were circumstances that led to remand, that does not mean that the government was not justified in defending the ALJ's decision to deny benefits based on the available evidence"); *Diebert v. Commissioner of Social Security*, No. 1:06-cv-612, 2008 WL 190213 at *3 (W.D. Mich. April 25, 2008) (a court's remand to obtain a more complete discussion from the ALJ regarding denial of a claim is not equivalent to a court's finding that the government's position was not substantially justified under the EAJA). On the other hand, the government's position may not be substantially justified if the ALJ's decision is "clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking" to the extent that a reviewing court awards benefits without the necessity of a remand. *Anderson*, 1999 WL 1045072 at *4, *quoting Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

This case involves a plaintiff who obtained a sentence-four remand on two grounds. First, the ALJ failed to articulate good reasons for not giving weight to a treating physician's opinions. Second, the ALJ did not give a meaningful discussion of the effect of plaintiff's obesity pursuant to SSR 02-01p. The ALJ's failure to articulate his reasoning with respect to these two issues does not, in and of itself, establish that there was no reasonable basis for the ALJ's decision to deny benefits. *See Anderson*, 1999 WL 1045072 at * 5; *Stein*, 966 F.2d at 319.

This is not a case where the claimant presented overwhelming proof of disability. The ALJ found that plaintiff's allegation of a total inability to work was not credible in light of her lack of treatment for pain[1] and her rather extensive daily activities.[2] Nevertheless, the ALJ determined that plaintiff had significant work-related limitations.[3] While plaintiff could not perform her past relevant work, the vocational evidence established that she could perform 9,400 sedentary

---

[1] The ALJ observed that plaintiff had not undergone any surgical procedures, had not required hospitalization, had not undergone aggressive methods of pain relief, had sought no treatment from mental health practitioners, and never sought help from specialists in the fields of orthopedics or endocrinology (AR 19).

[2] For example, plaintiff took her 15-year-old daughter to and from school, took care of her three-year-old daughter at home, washed dishes, washed laundry, prepared quick meals, would go shopping on occasion, folded clothes, cleaned sinks, did word search puzzles, needle point, read, and was currently enrolling in college to finish her Bachelor's degree (AR 19).

[3] The ALJ decided at the fourth step of the sequential process that plaintiff had the residual functional capacity to perform the following:

> simple, unskilled sedentary work with no use of ladders, ropes, or scaffolds; with no more than occasional use of stairs, balancing, kneeling, crouching, crawling, bending, twisting, or over-the-shoulder reaching; with no use of foot controls; with avoidance of fumes, odors, dust, gases, scents, chemicals, extreme cold, heat or humidity; with no work around unprotected moving machinery or at unprotected heights; and with no use of vibratory tools. Additionally, she is unable to maintain intense concentration and is limited to jobs involving no more than minimal contact with coworkers or the general public.

(AR 20).

jobs in the regional economy (AR 20-21, 405). Although this court was critical of the ALJ's failure to articulate, the ALJ's decision had a reasonable basis in law and fact. *See Real Property Located at 2323 Charms Road*, 946 F.2d at 440. Under these circumstances, the government's position in opposing this appeal was substantially justified under the EAJA.

### III. Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for attorney fees (docket no.15) be **DENIED**.

Dated: November 30, 2009      /s/ Hugh W. Brenneman, Jr.
                              HUGH W. BRENNEMAN, JR.
                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).