UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA ROJAS,

    Plaintiff,

CASE NO. 1:07-CV-1035

v.

HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 18), Plaintiff's Objection (docket # 19), and Defendants' Response to Plaintiff's Objection (docket # 20). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

**BACKGROUND**

After administrative denial of Christina Rojas's disability claim, the Administrative Law Judge reviewed her claim de novo and denied it on May 9, 2007. The Appeals Council approved that denial, and the decision became the final decision of the Commissioner. On judicial review, the Magistrate Judge recommended that the Commissioner's decision be reversed and remanded under sentence four of 42 U.S.C. § 405(g) (docket # 12) because the ALJ failed to articulate good reasons for not giving weight to the opinion of the treating physician and because the ALJ did not provide meaningful discussion of the effect of Ms. Rojas's morbid obesity. After reviewing the record de novo, the Court reversed the Commissioner's decision and remanded pursuant to sentence four of 42 U.S.C. § 405(g) (docket # 14). Ms. Rojas then applied for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DISCUSSION**

The Report and Recommendation recommends that Ms. Rojas's motion for fees and other expenses be denied. Under the EAJA, "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against" the Government, 28 U.S.C. § 2412(b), "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust," 28 U.S.C. § 2412(d)(1)(A). Here, Ms. Rojas obtained a sentence four remand, and she therefore qualifies as the prevailing party in a proceeding for judicial review of agency action. *See id.*; *see also Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). Ms. Rojas is not entitled to her fees and expenses under the EAJA, however, because the Court finds that the position of the United States was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A).

The determination of whether the agency's position was substantially justified is a question of reasonableness. *See Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988). A federal agency's position is substantially justified if it is justified to a degree that would satisfy a reasonable person. *See id.* at 565 (holding that under the EAJA, "substantially justified" means "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person" (internal quotation marks omitted)). This standard requires more than that the action not be frivolous, but it can be met even where the final decision of the Commissioner was not supported by substantial evidence. *See id.* at 566, 569.

Here, the position of the Government was "justified to a degree that could satisfy a reasonable person." *See id.* at 565. Although the ALJ failed to articulate his reasoning with respect to two issues, Ms. Rojas did not present overwhelming proof of disability and the ALJ's decision had reasonable basis in fact. Under these circumstances, the government's position in opposing the appeal was "justified to a degree that could satisfy a reasonable person." *See id.* Ms. Rojas therefore does not qualify for fees or expenses under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A); *Pierce*, 487 U.S. at 565.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed November 30, 2009, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that Ms. Rojas's motion for costs, fees and expenses under the EAJA (docket # 18) is **DENIED**.

Dated:  December 21, 2009          /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE